This case comes out of the Bankruptcy Appellate Panel on a decision that was made concerning the exemption of two retirement accounts that Mr. Lerbakken, my client, received in his divorce. He was awarded a small IRA and a portion of his wife's 401k in the divorce. Before he got them transferred into his own name, into his own account, he filed bankruptcy. He filed bankruptcy to stop the collection efforts of Mr. Sieloff, who had an attorney's lien. Now, he had, when he filed, he had claimed these two, his interest in these two assets as exempt under the bankruptcy laws under Section 522B3C. And this section asked two questions. One, are the funds retirement funds? And two, are they in a tax-exempt account? So the bankruptcy judge, Robert Kressel, in his oral findings, said that no, they're not, based on the auspices of a fairly recent Supreme Court case called Clark v. Raymaker. Clark concerned the same exemption, but involved an IRA that had been inherited by the daughter. The daughter was the debtor. And so the mother had been the one who, it was her retirement. And when we lost that case, we appealed it to the BAP. And the BAP came out with this decision ruling against Mr. Lerbaken, but said something in its opinion, in its analysis of Clark, that is clearly wrong and needs to be corrected. Otherwise, it will have a chilling effect on future bankruptcy filers. The BAP wrote, the opinion, meaning Clark, clearly suggests that the exemption is limited to individuals who create and contribute funds into the retirement account. Retirement funds obtained or received by any other means do not meet this definition. Now, the... You think that's too broad because if you can get it in a way that it retains its character as a retirement fund, then it should be exempt? Yes. Yeah. Because... I understood the briefing. I think you kind of switched on one of the two. Yeah. And the amicus brief enlightened us a little bit. Well, I'm going to talk first the IRA because that's the one that... Aren't the two different? Yes. The IRA would be the one that would be exempted. The 401K would normally be tried to be determined not property of the estate because it would be ERISA. And ERISA...  No. That's not here. Go ahead. Yeah. I had done a... I tried to exempt it as a tactical matter, and I had briefed that. Yeah. So if you didn't raise the estate issue, then we're just here... And that's an open question. Yeah. I think that's still... Whether it's property of the estate... Yeah, but it hasn't been raised properly. No. No. All right. So we're just here on the exemption issue. Yes. And are you conceding now the 401K fund is not exempt? No, I'm not. All right. I'm not. Well, let's hear you. I've got some reasons why it is. Why don't you tell us on the two funds why you think they're exempt. Okay. So the analysis of Clark, if that's what the BAP meant, then why wouldn't it have just said, well, the mother is the one who originated and funded the account, and therefore it can't be the debtors. It didn't do that. It went through the two-part test. And the two-part test is that, one, is it in a retirement account? And they looked at that and they said the standard should be an objective standard, that is it a retirement account as opposed to in a checking account? Yeah, I intend to... And so an inherited IRA, they said, kind of, it's in name, it's a retirement account. But that's a term of art and it has a special meaning under the tax law. An inherited account is an account that's inherited by someone other than the surviving spouse. But what do you do with the entirely different... You agree with, of course, what the Supreme Court says. Retirement funds means funds currently in account set aside for retirement, not set aside at a prior date by an entirely different person. Act like it's got to be the same person. Well, it sounds like it, but when you look at it, it's not. Because wouldn't they have just said that about the mother? It would have been a three-line opinion. And, more importantly, if you look at the Seventh Circuit opinion in which this originated, they said that if, let me quote it. This is in the Clark case? Yes. If the retirement had been... If a married holder of an IRA dies, the decedent spouse inherits the account and can keep it separate or roll it over into his own IRA. Either way, the money remains retirement funds. So if they're saying that a surviving spouse's retirement inheritance is a retirement account, then we're saying that the marital interest received is also a retirement account. For which? For the IRA, though? The IRA, yes. The IRA in this case? Yes, yes. And the Supreme Court did not change that maybe dicta statement, and the Supreme Court even showed the difference, how when it's a surviving spouse they can put it into his or her own account or keep it as an inherited account. So that's important. That says to me that the Supreme Court didn't intend its opinion to restrict the exemption of an IRA received through a divorce or from the death of a spouse. Think of the policy. I submit here that if we'll think of the policy that a married couple, one stays home, one goes to work and funds retirement. Twenty years later they split the retirement. They each file bankruptcy the next day. How is that not the non-working spouse's retirement? It was intended for that, for his or her retirement as well. That's a terrible public policy. Now, the U.S. Supreme Court has also recognized this anticipation by a spouse in the marital assets. In the case Boggs v. Boggs, 520 U.S. 833, the court said, now this has to do with a quadro, but my point is that there's an expectation. The quadro provisions protect those persons who, often as a result of divorce, might not receive the benefits that they otherwise would have had available during their retirement as a means of income. Speaking of quadros, there is a relief from the state granted in this case. I've got the order by Judge Kressel here in my hand. He says notwithstanding appeal or anything. But as of this minute, they're still in a separate account, right? Yes. They're still where they've always been and no quadro's been? No, no quadro. But there has been a DRO, a domestic relations order. Yeah, but no quadro. No quadro. You don't need one for an IRA. You just need a DRO. So if you look through the – Can you explain what's going to happen with these funds in the 401K? Doesn't your man have the option to take all that out immediately? Within 60 days. So doesn't that mean that it's not going to be exempt because it's not – And the Supreme Court says if you could take it out for immediate consumption, that disqualifies it. Well, that was one of the factors. Yeah. And with an inherited – Why shouldn't that knock out the 401K here? In an inherited one, it's forever. You know, the full five years you can take it out. Yeah, but if we say this is exempt, then your man could take all the money out right away and also claim it exempt. Doesn't that seem contrary to the ideas in Clark? Well, yeah, but it's – The idea in Clark was that it wasn't ever that person's – You know, the daughter's retirement. It was never intended for that person. That's a subjective issue, though. Yeah, but what if you receive a house in a divorce and then you claim bankruptcy and exempt it? You can sell it the next day. You know, it's the same thing. Here it's the expectation that the debtor had with respect to that marital asset. What about the IRA? Can that be withdrawn immediately? No. That's subject to a penalty. Well, answer carefully. It can be withdrawn. You just pay a penalty. You just pay a penalty. Right. Just like any other IRA. It's a normal IRA, but that's how the IRA was before. Just like – Yeah, so had Mr. Lurbach created and funded this IRA, he still could have taken it out, but he'd be subject to the 10 percent penalty. What do you do with the entirely different person words in the Supreme Court's opinion? I've been trying to – Do you know who I'm referring to? It's where they define the critical point of the opinion. The Supreme Court says retirement funds, the funds were set aside for that retirement, I quoted it earlier, not set aside for that purpose at some prior date by an entirely different person. Right, but you have to look at the context. Do you have to go back to the common law and say that the husband and wife are one person? No, it may not be an artfully drafted sentence because why would they say – We believe the Supreme Court's opinions. Sure. The sentences are all artful. Yeah, I know. But why would they say that – I've said that two or three times on the tape here. Go ahead. Excuse me. No, I'm kidding. Go ahead. Why would they say that and not overrule or comment that a surviving spouse can do that, can receive it? So the point of the exemption is to protect people's retirement so that they're not destitute and wards of the estate. That's the whole point. So you've got to read Clark in its entirety and what the point of Clark was. The point of Clark was to say that, no, an IRA inherited by a daughter is not a retirement account. That's the point of Clark. Now, turning to – well, what we need here in this case is a decision, I think, that when a spouse inherits or receives in a divorce an IRA and puts it into his or her own account and then it's passed any 60-day limit, that is that person's retirement. It's treated the same under the tax laws and it's to be treated the same under the bankruptcy law. Let me ask you another point in the opinion. The Supreme Court says whether, as an objective matter, the account is set aside for the day when an individual stops working. Again, it sounds like it's not designed for couples of any kind. It may sound like that, but I don't know why they would have said then about the surviving spouse. What do you mean, when they compare the penalties? And when – Right. Excuse me. No, you go ahead. And when the Seventh Circuit said, and if it were the surviving spouse, it would remain a retirement account. The Supreme Court does not approve any of the Seventh Circuit's opinion, right? There's no reference here that they're approving. No. Tell me if I'm wrong because I didn't look for it to tell you the truth. They didn't, but they did discuss the surviving spouse issue. But that was to prove their point about getting the money at any time without any penalty, right? Well, I think it was about that the surviving spouse has broad rights in the money. Where's your language? I keep quoting my language. Where is your language you're referring to? Do you know what page it's on? If it's your brief, we'll find it. Yeah, I don't know. It's in your brief. Yes. Okay. All right. I would like to reserve some time. You may. Thank you. Mr. Atmar, we'll hear from you. Thank you, Your Honor. May it please the Court. Tom Atmar on behalf of the appellee, Seeloff & Associates. We're asking for affirmance of the bankruptcy appellate panel's decision. And I'm going to talk about three things today. One is the standard of review, which I don't think was fully articulated in any briefs. Second is the facts, including the tax law, because the appellee in the reply brief, appellant, excuse me, in the reply brief, changed position on the IRA. And I think his original position, that there is no penalty, is the correct one, and I'll explain why. And three, application of the facts to the Clark case. So on the issue of standard of review, the standard of review is whether there was clear error by the bankruptcy appellate panel. This is a question of law, isn't it? We're interpreting what the Supreme Court says. This is a question of law. It's de novo for all of us at all points in this proceeding. But tell me where I'm wrong. I think, Your Honor, it's a mixed question of fact and law. Okay. Proceed. And I think a case that we did not cite, nobody cited, U.S. Bank v. C.W. Capital Asset Management. Well, send us a letter if you're going to raise a whole new standard of review argument on an oral argument. I mean, normally that's something that's basic in the briefs. Well, it wasn't touched on, Your Honor. I know. That's my point. But I understand. Yeah. And I will submit a letter on it. But the reviewing... The counsel may respond if he sends a letter on standard of review. Go ahead. So the court should not reverse unless there's clear error here. And... Well, let's assume it's a legal issue. What's the legal argument? Proceed. All right. Let me jump to the facts. The first issue is the 10% penalty on the IRA. And there is no penalty on the 401K distribution nor on the IRA distribution, contrary to what appellant is now arguing. 26 U.S.C. Section 72T discusses the 10% penalty for early withdrawals from qualified plans. 26 U.S.C. What? 72T. Section 72T1 borrows the definition of qualified plans from 26 U.S.C. Section 4974C. Is this in your brief? The citations are, yes. Did you lay out in your brief why you think the penalty... No, because they didn't raise it until the reply brief. The amicus brief raised it. And it was incorrect. But the appellant had said that we were both in agreement that there was no penalty on either one. You're going through some very esoteric tax provisions. I understand, Your Honor. You've written it down, and you're going to tell us to follow this at an oral argument. That's not the best way to have us... I understand. But, again, it was not raised until the reply brief. Well, it was in the amicus brief. You could have said the amicus is wrong. Well, and I'll tell you why they are wrong. You could have told us in your brief, is my point. You could have told us what the standard review is in your brief. I understand. Go ahead. We'll hear you out, though. The cases and law cited by the amici were incorrect because they are citing, for example, the Cohen case, which involved a transfer from one spouse to another spouse under a quadro into an IRA for the new IRA. And then the new IRA, six months later, a withdrawal happened. And it was the spouse who had received the funds into the new IRA who had to pay the penalty. It's not the situation where the withdrawing spouse originally, the husband in that case, paid the penalty. And so it's an entirely different case. Here, the question the Supreme Court's worried about, can you take it and spend it immediately? Correct. A lot of money. That's what they say in court. And you can. No, I thought you have to pay a penalty. You do not, and that's what I was pointing out. All right. Go ahead. Why not? 72T says you have to pay a penalty? Correct. 72T talks about whether or not there's a penalty. 72T1 then refers to Section 4974C, which includes both 401K plans and IRAs, C1 and C4, 401Ks and IRAs. You go back to 72T2C, and it says any distribution from a qualified plan under a quadro is exempt from penalty. So that covers both the IRA and the 401K. They're both subject to the 60-day rule. And what we're talking about here is the holder of the account. Do they have to pay a penalty for an early withdrawal? That's the husband here. Well, in this case, it's the wife. Oh, I'm sorry. You're right. I'm wrong. So the wife does not have to pay a penalty, nor does the husband in our case. Now, if the husband here who gets it immediately decides to spend it all, after putting the IRA, he has to pay a penalty, right? If he puts it into an IRA. He has a choice what to do with it. That's the issue. And that's why Clark means what it says. If it doesn't go in the IRA and he just immediately spends it, the money, no penalty. There's no penalty, but he may have to pay some income tax, but not a penalty. And that's true of the 401K as well. And that's why Clark means what it says when it says a different individual. In other words, it has to be the debtor who put that money into the retirement account. And the reason it has to be that is because every non-debtor has the right to do something with that money other than put it into a retirement account when it gets it. There might be time limitations on when you do it. There might be penalties even on some situations, not in our case. Now, your opponent says right in Clark they discuss spouses. Did they discuss spouses right in Clark? I'm looking on the bench. Where is that? They talked about early in the opinion, and I don't have the exact page for you, but they talked about the difference in inherited IRAs, what a spouse can do and what a non-spouse can do. And there were some penalty situations that were distinct between the two. But it's not what Clark was about. Clark was about a broad proposition that under 522C, excuse me, 522B, C3C, the retirement fund definition, you look at the character and nature of the funds at issue. It then talked about some steps in that case under those facts you could look at. But what you do is you look at the character of the funds you're talking about. And they talked a little bit about, both Amici and Appellant, the public policy. But, in fact, this public policy is not what they think it is. If you look at the tax laws and the bankruptcy laws together, in particular, what you have is a large portion, well, let me back up. There's no penalty for any distribution in the context of a divorce under a quadro, either from an IRA or from a 401K. And they are not retirement funds because of that exclusion. That exclusion from penalty alone, that takes them away from the retirement funds because the holder of the retirement funds does pay a penalty on an early withdrawal. A large portion of a couple's assets are often in these retirement accounts. And what these are are earnings during the course of the marriage, usually. And they've been deferred for use, later use. But in a divorce, one of the spouses, the non-earning or lower-earning spouse, may need that money now, not in the future. And so what the tax code does is give that spouse the right to use them as that spouse deems necessary. Now, they can choose to put them into a retirement account. And they've got 60 days to do so. They can choose to spend them. And... About which funds now? Both. What about, going back to the amicus brief, they say, page 18, a distribution from an IRA that is then paid to one's ex-spouse pursuant to divorce judgment, instead of a transfer by way of a name change or direct rollover, is taxable as income and subject to a 10% penalty, citing Cohen against Commissioner. That's incorrect. Tell us why that is. Yes, because what Cohen involved, that was the one I discussed earlier. I know, but I wasn't tracking. Yes, and I apologize if I'm not making it clear. Cohen says, Cohen was this situation. There's a divorce. The husband has a large IRA. They do a quadro. The wife opens a new IRA, and the money is transferred. Perfectly okay, no penalty. The penalty issue is on the husband. Will the husband have to pay a penalty of 10% for an early withdrawal from that IRA? Answer, no, because it went over to the spouse's IRA. And that spouse doesn't pay a penalty either. Six months later, she changed her mind and took a withdrawal, which was an early withdrawal, from her new IRA. And the Cohen court said, you have to pay a penalty. I know that a quadro occurred. We know a quadro occurred, but we're past the quadro now. Now, had that spouse filed for bankruptcy before taking the money out of that IRA, she would have had the entitlement to the exemption, because that's her retirement fund. She put them there. And that's why Clark means what it says, because the owner of the account, the person who put it there, that's who gets to claim the exemption. And that's why Cohen doesn't support exactly what the amici is saying. It doesn't support the notion that there's some penalty on these IRAs. Despite the relief from the stay, the accounts are still in where they've always been. They are in the wife's account. And remember where accounts, excuse me, plural. And remember where we are in the record in the state court. We have an order from a state court judge saying that those monies come to my client. The ordering both the spouse and the appellant, ex-spouse, excuse me, to sign quadros and get that money to my client. So these are nobody's retirement funds at this point. These are my client's funds in reality. And I think you saw in both the bankruptcy court and the bankruptcy appellate court, they didn't give it a heck of a lot of analysis. I'll agree. But the reason was because it was a pretty simple case. In the petition, which is in our appendix, the appellant lists 401K, 19,000, IRA, 2,000, and whatever the amount was, without explanation. But these are not his, and they never were his. And he didn't have a quadro in place for them at the time. The court saw what was happening. The lower court saw what was happening. And that was an attempt to get around an order enforcing a statutory attorney's lien in state court. And the decision was, these are not retirement funds under Clark. Were you just referring to which case? The state court case, the divorce proceeding, from which this all arose out of. And both the attorney's lien enforcement and the order saying division of these assets to the spouse. And it's just a marital division of assets. That's what it is. It came out of that single case. And then when the order about the attorney's lien enforcement came out, then we have this bankruptcy. Because reality is, Mr. Lurbachan wanted to use these funds for whatever he wanted to use them for. And it was foiled, in a sense, by the attorney's lien enforcement. So he tried to do an end-to-round and get an exemption in bankruptcy court that he wasn't entitled to to try to stop having to pay my client under the attorney's lien. And I think both the bankruptcy court and the bankruptcy appellate panel saw through that pretty quickly, realized these aren't retirement funds. They're nobody's retirement funds. The divorce has been granted, right? Correct. The interests are in the ex-wife's. The money is in the ex-wife's accounts, right? Correct. Thank you. And so under Clark, he can't claim these exemptions. They're not his retirement funds. And they never will be because they're coming at a time. Well, you do need a QDRO to avoid taxes getting it out, right? Correct. That's the purpose of QDRO is to avoid taxes on the ex-wife here. Correct. It avoids any penalties. Correct. And that's what the state court says has to happen. They've ordered that that QDRO be signed. And I see my time is up. Very well. Thank you for your argument. Mr. Headke, we'll hear from you in rebuttal. Thank you. Let's go back to the issue of whether there's a penalty. It should be easy to determine at some point here. But the only time that an IRA can be withdrawn without penalty in this situation is upon a death. If it's not in a divorce, there's a penalty imposed on the recipient. Well, no way. The QDRO is not a distribution. It's taxable, right? Right. That's the purpose of QDRO. That's what it means. Go ahead. A qualified domestic relations order is used only for the 401K because of the trust provisions. Because nobody can get that money except with a QDRO that you can't reach. But an IRA doesn't need a QDRO because there's no trust. But either kind of court order beats a penalty, right? Yes. The only time that if you inherit an IRA you... But this is not an inherited case. No. So there's the penalty. If Mr. Lurbachan had received it and didn't roll it into his own, he has 60 days to roll it into his own, then it would be taxable and subject to the penalty. Well, the counsel says you were right in your opening brief that he can take out the IRA money without a penalty within 60 days under 26 U.S.C. 72 T2C, as I understand it. I don't believe that to be correct. What's wrong with the argument? The argument is that there is a penalty, that the only time that you can take it out without that penalty is upon a death, the death of the... Are you familiar with this provision that was cited? Yes, and that's why I changed my position. I misread it. The tax laws are a little hard to go through. But I do believe that there is a 10% penalty on receiving an IRA if you cash it in, and you roll it into your own. It's interesting to note that the trustee in this case did not object. That kind of tells you that it was a little bit out of the blue. All right. Thank you for your argument. Thank you to both counsel. The case is submitted, and the court will file an opinion in due course.